```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICKY MALLORY,                       :    CIVIL ACTION
                                     :    NO. 11-5202
          Petitioner,                :
                                     :
     v.                              :
                                     :
TABB BICKEL, et al.,                 :
                                     :
          Respondents.               :
```

**O R D E R**

**AND NOW**, this **19th** day of **March, 2012**, upon consideration of the Report and Recommendation of U.S. Magistrate Judge Perkin and Petitioner's objections thereto, it is hereby **ORDERED** as follows:

(1) The Report and Recommendation (ECF No. 11) is **APPROVED** and **ADOPTED**;[1]

---

[1]  Ricky Mallory ("Petitioner") is incarcerated in the State Correctional Institution at Huntingdon. Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 17, 2011. ECF No. 1. Petitioner also filed a Motion to Stay under Rhines v. Weber, 544 U.S. 269 (2005), on August 17, 2011, requesting a stay of his § 2254 Petition pending exhaustion of his claims in state court. ECF No. 2. Respondents' filed a Motion to Dismiss Petitioner's § 2254 Petition on October 17, 2011. ECF No. 9.

On February 15, 2012, Magistrate Judge Perkin filed a Report and Recommendation, which recommended that this Court deny and dismiss without prejudice Petitioner's Petition, deny Petitioner's Motion to Stay and grant Respondents' Motion to Dismiss. Report and Recommendation ("R&R") 17, ECF No. 11.

(2) Petitioner's Objections to the Report and Recommendation (ECF No. 12) are **OVERRULED**;[2]

---

Magistrate Judge Perkin concluded that Petitioner had not exhausted his state court remedies as to his Pennsylvania Post-Conviction Relief Act ("PCRA") claims because Petitioner's PCRA action was still pending in state court and Petitioner had not presented evidence of extraordinary circumstances to qualify for an exception to the basic exhaustion requirements. R&R 14-16. Magistrate Judge Perkin noted that Petitioner's PCRA claims are outstanding, and according to public records the case was still pending in the PCRA Court. Id. at 11. According to public dockets on the Administrative Office of Pennsylvania Courts' website, Petitioner's motion for reconsideration of the PCRA order dismissing Petitioner's petition was denied on February 9, 2012. As of the most recent status date of February 15, 2012, it appears that Petitioner's PCRA claim is on appeal to the Superior Court and Petitioner is awaiting a decision. Based on this information, Magistrate Judge Perkin found that while it appeared that Petitioner's proceedings in the PCRA court had concluded, Petitioner still needed to exhaust these claims on appeal before proceeding with his claims in this Court. Id. at 14-15 (citing Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005)). As the Petitioner would have 91 days to file a federal habeas petition within the one-year statute of limitations period under 28 U.S.C. § 2244(d)(1)(A) after exhausting his state remedies and Petitioner's filing did not suggest the existence of "intentional, bad faith state activity that could justify an exception" to the exhaustion requirement, Magistrate Judge Perkin recommended that this Court dismiss the instant Petition for Writ of Habeas Corpus without prejudice and deny Petitioner's Motion to Stay.

[2] Petitioner responded to Magistrate Judge Perkin's report and raised objections to the finding that Petitioner had failed to fully exhaust his state court remedies before applying for habeas relief in this Court. Pet'r's Objections at 2-4. He argues that since his PCRA petition was dismissed as untimely and his motion for reconsideration was thereafter denied, he has sufficiently exhausted his state court remedies. Id. at 3.

A federal court is allowed under 28 U.S.C. § 2254(b)(1)(A) to grant a state prisoner's habeas petition only

if the petitioner has exhausted all available state remedies. In order to satisfy the exhaustion requirement the prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999). On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declared that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. See Wenger v. Frank, 266 F.3d 218, 225 (3d Cir. 2001) (holding that the order was not intended to be applied retroactively). Contrary to Petitioner's claims that he has exhausted his state court remedies, he has yet to satisfy the exhaustion requirement because his PCRA appeal to the Pennsylvania Superior Court is still pending. Thus, Magistrate Judge Perkin was correct in concluding that Petitioner has not exhausted his state court remedies.

It also appears that Petitioner is arguing that he has demonstrated "good cause" for his failure to exhaust pursuant to Rhines v. Weber because the PCRA court found his petition to be untimely. Unfortunately, it is impossible for this Court to assess without the state court records when Petitioner's one-year statute of limitations period under 28 U.S.C. § 2244(d)(1)(A) began to run again after being tolled by his timely PCRA petition filed on December 11, 2001. See Rhines, 544 U.S. 269, 277-278 (2005) (holding that a district court should grant a stay only where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics"). If Petitioner's amended PCRA claims are held to be untimely on appeal, it is likely that Petitioner's 91-day remaining statute of limitations period was completed long before he filed his August 17, 2011 Habeas Petition in this Court, and thus a stay would not protect him from exceeding § 2254 one-year statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (holding that "a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' [satisfying the test laid out in Rhines] for him to file in federal court").

For the reasons as stated above, the Court will adopt Magistrate Judge Perkin's Report and Recommendation and overrule Petitioner's Objections to the Report and Recommendation. The Court will also dismiss without prejudice Petitioner's Writ for

(3) The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

(4) Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus (ECF No. 9) is **GRANTED.**

(5) Petitioner's Motion to Stay is **DENIED.**

(6) A Certificate of Appealability shall not issue.[3]

---

Habeas Corpus, deny Petitioner's Motion to Stay and grant Respondents' Motion to Dismiss.

[3]  Upon entering a final order adverse to Petitioner, the Court must issue or deny a Certificate of Appealability ("COA"). See R. Governing § 2254 Cases 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The U.S. Supreme Court has provided the following guidance for the issue at hand:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, Petitioner has not exhausted his state court remedies nor has he presented circumstances justifying staying the current proceedings. There

**AND IT IS SO ORDERED.**

        <u>s/Eduardo C. Robreno</u>
        **EDUARDO C. ROBRENO, J.**

---

is no legal or factual issue that could be resolved by further review. Jurists of reason would not find it debatable whether the petition should be denied without prejudice. Accordingly, a certificate of appealability will be denied.